**SO ORDERED.**

**SIGNED this 03rd day of October, 2007.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE<br><br>JOHN GERAL CERNOHOUS AND<br>KARA LEIGH CERNOHOUS<br><br>*DEBTORS* | BANKR. CASE NO.<br><br>07-52246-LMC<br><br><br>CHAPTER 13 |

### ORDER DENYING DEBTORS' REQUEST FOR EMERGENCY HEARING ON DEBTORS' MOTION TO RECONSIDER MOTION TO EXTEND AUTOMATIC STAY PURSUANT TO § 362(C)(3)(B)

CAME ON for consideration the foregoing matter. The debtors filed the instant case on August 31, 2007 and subsequently filed a Motion to Extend the Automatic Stay Pursuant to § 362(c)(3)(B) on September 13, 2007. A hearing to consider the motion was held on September 24, 2007. The debtors failed to appear at the hearing. The debtors' counsel also failed to appear at the hearing. This court entered an order the following day, on September 25, 2007, denying the debtors' motion without prejudice. The debtors then filed this motion (the Motion to Reconsider) on Sunday, September 30, 2007 requesting an expedited hearing on Monday, October 1, 2007 to reconsider this

court's previous order.

Federal Rule 59(e), made applicable to bankruptcy procedure by Bankruptcy Rule 9023, allows parties to seek reconsideration of court orders by filing and serving a written motion within 10 days of the order. *See* Fed. R. Civ. P. 59(e); Fed. R. Bankr. P. 9023. A court may amend or alter a previous judgment or order only when the movant establishes some manifest error of law or fact justifying such an amendment. *See Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir. 1989) (citing *Keene Corp. v. Int'l Fidelity Ins. Co.,* 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd by* 735 F.2d 1367 (7th Cir. 1984)). In Rule 59(e) motions, the movant bears the burden of establishing the manifest error in the order and cannot raise arguments which could, and should have, been argued before the order was entered. *See Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 863-64 (5th Cir. 2003) (citations omitted).

Because the debtors filed this Motion to Reconsider on September 30, 2007—within 10 days of this court's order dated September 25, 2007—this court shall treat the motion as one filed under Federal Rule 59(e) and Bankruptcy Rule 9023.[1] *See Abraham v. Aguilar (Matter of Aguilar),* 861 F.2d 873, 875 (5th Cir. 1989); *see also Stangel v. U.S. (In re Stangel),* 68 F.3d 857, 859 (5th Cir. 1995). The debtors assert, in their Motion to Reconsider, that "[a]n emergency exists" because the automatic stay will terminate on the thirtieth day after the debtors' bankruptcy case was filed—incidentally, the same day the debtors ask this court to schedule the expedited hearing on the Motion to Reconsider. No other grounds are asserted. This court previously set a hearing on the debtors' motion for an extension of the automatic stay for September 24, 2007. After both the debtors and their counsel failed to appear at that hearing, this court denied the motion without

---

[1] Similar motions filed more than 10 days after the entry of an order are handled under the stricter standards of Rule 60(b), requiring some demonstration of excusable neglect or fraud. *See Matter of Colley,* 814 F.2d 1008, 1010 (5th Cir. 1987); *see also In re Stangel,* 68 F.3d at 859; *see* Fed. R. Civ. P. 60(b); Fed. R. Bankr. P. 9024.

prejudice—meaning that the debtors were free to file a new motion. That hearing was set well within the thirty day period after the case was filed. To the extent there is an emergency in this case, it is an emergency created by the debtors and their attorney's failure to appear on September 24, 2007. This is not a manifest error of law or fact, as required by Rule 59(e). This is "garden-variety attorney inattention." *See Lowrey v. McDonnell Douglas Corp.,* 211 F.3d 457, 464 (8th Cir. 2000). Neither the debtors nor their attorney offer any reason for their failure to appear at the previous hearing. Nor do they offer any error in this court's order. Nor have they filed a new motion to extend the automatic stay. Instead, the debtors and their attorney ask this court to hold a hearing to reconsider the merits of its previous order, essentially giving the debtors a "second bite at the apple." That is not the purpose of Rule 59. *See Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, *securing a rehearing on the merits*, or otherwise taking a 'second bite at the apple'—and we in no way depart from that basic principle.") (emphasis added).

Because the debtors have failed to establish, or even raise, any cognizable ground for relief under Rule 59(e)—that is, that the order contains some manifest error of law or fact—the debtors' Motion to Reconsider is DENIED.

# # #